Ruffin, Judge.
 

 The counsel for the defendants pro-» perly yield, that the judgment of the County Court was right, and that the sickness of the surety was no sufficient ground for relief against that judgment. He hound himself for the appearance of the principal debtor. It is indeed his privilege to compel that appearance, if not voluntarily made. But that is between him and his principal ; and if he cannot, either by reason of his own illness, or the absconding or other fraud of the principal, the surety must submit to pay the debt.
 

 It is however objected, that there was error in the Superior Court in giving a summary judgment on the bond given for the
 
 certiorari.
 
 The act of 1810 (lieu. c. 793) is not entirely perspicuous on this point; but the nature of the subject, as well as the words used, strongly incline us to the opinion, that the bond is not only to be taken, but proceeded on
 
 li
 
 in the same manner, and under the same regulations,” as those given upon appeals. The
 
 certiorari
 
 is of the nature, and in the place of the appeal; the bond is to be transmitted with the record : and a new judgment against the principal is in each case pro.-, nounced in the Superior Court. Why send the bond to the Superior Court, if it is not to be acted on there ? Why put the parties to a new suit, when the plaintiff’s demand has been finally and judicially ascertained, and the surety cannot discharge himself but by paying the debt ? This view is confirmed by the general practice under the act for twenty
 
 years;
 
 during which period, with few exceptions, all the judges have given judgments-on motion.
 

 Per Curiam.t-Judgmewt aeeirmeb.